**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRUCE BURRIS,

    Plaintiff,

v.

AT&T WIRELESS, INC., et al.,

    Defendants.
_____/

No. C 06-02904 JSW

**ORDER GRANTING MOTION TO REMAND**

Now before the Court is the motion to remand filed by plaintiff Bruce Burris ("Burris") and the motion to dismiss filed by defendant New Cingular Wireless Services, Inc. ("Cingular"). The motions are fully briefed and ripe for decision. The Court finds these motions are suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for July 21, 2006, is VACATED. Having carefully considered the parties' arguments and the relevant legal authority, the Court hereby GRANTS Burris's motion to remand. Because the Court concludes that it does not have jurisdiction over this matter, it will not address Cingular's motion to dismiss.

**BACKGROUND**

Burris, a former employee of Cingular, originally filed this action in the Superior Court for the State of California in the County of San Mateo against AT&T Wireless Services, Inc., AT&T Corp., Cingular, and Michael Caniglia, Burris's supervisor at Cingular. Burris brought claims under the California Fair Employment and Housing Act, Cal. Gov. Code § 12940(a), *et. seq*., the California Family Rights Act, Cal. Gov. Code § 12945.2, and California Business and

1  Professions Code §17200, *et. seq.*, and filed claims for intentional infliction of emotional
2  distress and wrongful termination in violation of public policy against all defendants.  Cingular
3  removed this action on the basis of diversity jurisdiction and contended that Mr. Caniglia was
4  fraudulently joined and therefore did not destroy diversity.
5      Burris now moves to remand this action back to state court and Cingular moves to
6  dismiss Burris's claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a
7  claim.

**ANALYSIS**

    A.    **Legal Standard.**

While diversity jurisdiction under 28 U.S.C. § 1332 ordinarily requires complete diversity of the parties, removal is proper despite the presence of a non-diverse defendant when that defendant was fraudulently joined, in other words, where that defendant is merely a "sham" defendant.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  In this circuit, a non-diverse defendant is deemed a sham and will not defeat jurisdiction if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.  *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989).  The failure to state claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state."  *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).  The party asserting the fraudulent joinder bears the burden of proof and remand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant.  *See Levine v. Allmerica Financial Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999).

    B.    **Burris's Motion to Remand.**

Cingular argues, but has not demonstrated, that under well-settled California law Burris could not possibly prevail against Mr. Caniglia.  Among the claims asserted by Burris, he brings a claim for intentional infliction of emotional distress agaisnt Mr. Caniglia.  Cingular does not argue that Burris cannot assert a tort claim for emotional distress against his former supervisor

2

as a matter of law. Rather, Cingular argues that Burris failed to state a claim for intentional infliction of emotional distress because he did not allege any extreme or outrageous conduct, a necessary element of this claim. *See, e.g., Cochran v. Cochran*, 64 Cal. App. 4th 488, 496 (1998). Although as currently plead, Burris has not alleged conduct which may be considered extreme or outrageous, Cingular has not demonstrated that, under California law, Burris would not be afforded leave to amend his complaint to cure this purported deficiency. Accordingly, Cingular failed to demonstrate that it is obvious under settled state law that Burris cannot prevail against Mr. Caniglia and thus has not demonstrated that this Court has subject matter jurisdiction. *See Nickelberry v. DaimlerChrysler Corp.*, 2006 WL 997391, *1-2 (N.D. Cal. April. 17, 2006) (remanding action where defendant failed to demonstrate that the plaintiff would not be given leave to amend to cure the pleading deficiency regarding the alleged sham defendant). The Court thus grants Burris's motion to remand.

### C. Plaintiff's Request for Attorneys' Fees.

Pursuant to 28 U.S.C. § 1447(c), Burris requests an award of attorney's fees and costs incurred as a result of Cingular's allegedly improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To determine whether to award costs and fees under Section 1447(c), this Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although it was not ultimately persuaded by Cingular's arguments, the Court does not find that Cingular's removal was frivolous or motivated by bad faith. The Court therefore declines to exercise its discretion to award Burris's fees and costs under Section 1447(c).

### CONCLUSION

For the foregoing reasons, the Court GRANTS Burris's motion to remand and DENIES Burris's request for costs and fees. The Court FURTHER ORDERS that the Case Management

///

///

///

3

Conference scheduled for July 21, 2006 is HEREBY VACATED.  The case is remanded to the Superior Court for County of San Mateo.  The Clerk shall close this Court's file.

**IT IS SO ORDERED.**

Dated: July 19, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California